TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Rd., Ste. 373
Concord, CA 94521
Telephone: (510) 906-4710
tdo@sjlawcorp.com

Attorneys for Plaintiffs, Automotive Industries
Welfare Trust Fund et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND, TOM DILLON, Trustee, DON CROSATTO, Trustee, JOHN DiBERNARDO, Trustee, STEPHEN J. MACK, Trustee, RICH MORALES, Trustee, PEDRO MENDEZ, Trustee, STEVE SOWINSKI, Trustee, MARK MARTIN, Trustee, and JIM SCHWANTZ, Trustee,

    Plaintiffs,

vs.

SAFEWAY, INC., a Delaware corporation.

    Defendant.

Case No.:

**COMPLAINT**

## **PARTIES**

1. Automotive Industries Welfare Trust Fund ("Welfare Fund") is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c). Plaintiff Welfare Fund maintains its principal office and are administered in Dublin, California. The purpose of the Welfare Fund is to provide welfare related benefits to the eligible employees of employers who contribute to the Welfare Fund pursuant to various collective bargaining agreements ("Bargaining Agreements") with local unions affiliated with the Automotive Industries Health and Welfare Plan ("the Plan").

Plaintiffs Tom Dillon, Stephen J. Mack, Don Crosatto, John DiBernardo, James Schwantz, Pedro Mendez, Steve Sowinski, Mark Martin and Rich Morales are Trustees of the Welfare Fund.

2. At all times relevant, Defendant Safeway, Inc. was a business entity registered to do business in the State of California with its known principal place of business in the city of Pleasanton, California.

3. Defendant Safeway, Inc. is principally engaged in the business of operating grocery stores which includes the delivery of groceries via trucks.  To this end, Safeway, Inc. employs machinists covered under the Bargaining Agreements and Trust Agreements by which it is bound, who provide support services to Safeway, Inc.. The business of Safeway, Inc. affects commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185).

**JURISDICTION**

4. Jurisdiction exists in this Court over the claims asserted by the Plaintiff Welfare Fund by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the Plaintiff Welfare Fund seeks to enforce the provisions of ERISA and the terms of its plans, seeks to enjoin the acts and practices that violate ERISA, seeks equitable relief to redress such violations, and seeks all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that the Plaintiff Welfare Fund seeks to enforce the terms and conditions of the Bargaining Agreements between the employer and a labor organization.

**VENUE**

6. Venue exists in this Court with respect to the claims under ERISA § 502, 29 U.S.C. § 1132, because Plaintiff Welfare Fund is administered in this district, and the breaches under ERISA occurred in this district.

**APPLICABLE LAW**

7. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the Bargaining Agreements.

8. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

   (A)   the unpaid contributions,

   (B)   interest on the unpaid contributions,

   (C)   an amount equal to the greater of:

       (i)   interest on the unpaid contributions, or

       (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)   such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

9. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action by the Trustees as ERISA fiduciaries:

   (A)   to enjoin any act or practice which violates any provision of this title or the terms of the plan, or

   (B)   to obtain other appropriate equitable relief

       (i)   to redress such violations, or

       (ii)   to enforce any provision of this title or the terms of the plan.

///

///

///

10. ERISA § 209 (29 U.S.C. § 1059), recordkeeping and reporting requirements, states in relevant part:

> (a)(1) Except as provided by paragraph (2) every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

11. The Trustees have a right under ERISA to conduct an audit of a contributing employer's relevant books and records under the terms of the Trust Agreements. *Central States, Southeast and Southwest Areas Pension Fund v Central Transport, Inc.*, 472 US 559 (1985), *reh'g denied* 473 U.S. 926.

### FACTS

12. At all times relevant to this action, Safeway, Inc. was a party to and bound by Bargaining Agreements covering its employees ("Bargaining Agreements"). The Bargaining Agreements requires that Safeway, inc. contribute to the Welfare Fund at specified rates for each of its eligible employees covered under the Bargaining Agreements.

13. As an employer participating in the Welfare Fund, Safeway, Inc. is bound by the Trust Agreements and establishing the Welfare Fund, the terms of the Welfare Fund' Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreements.

14. Safeway, Inc. had both a contractual duty under the Bargaining Agreements and a statutory duty under ERISA § 515 (29 U.S.C. § 1145) to timely make payment in full of the required contributions due the Welfare Fund according to its terms or the terms of the Bargaining Agreement.

15. At all times relevant to this action, under the provisions of the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreements governing Welfare contributions due, Safeway, Inc. was required to timely submit monthly remittance reports of all covered employees, along with contributions owed, to the Welfare Fund's

principal place of business by the first day of each month following the month in which the covered work was performed.

16. At all times relevant to this action, under the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreements, Welfare contributions received by the Welfare Fund after the 20th day of the month following the month in which the covered work was performed are deemed delinquent.

17. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Welfare Agreement, and the rules, regulations and policies adopted by the Trustees thereunder, provided that delinquent contributions shall accrue interest at the rate of ten percent (10%) simple interest per annum from the first day of the month following the month in which the delinquent contributions were due through and including the date payment is made.

18. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), in accordance with the Welfare Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, the employer is obligated to pay liquidated damages in the amount of five percent (5%) of the amount of delinquent contributions owed until the matter was referred to the Welfare Fund's counsel for collection, and twenty percent (20%) thereafter.

19. At all times relevant to this action in accordance with ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, provided that after the filing of a lawsuit, liquidated damages shall be increased to the greater of (a) the interest on the delinquent contributions, or (b) twenty percent (20%) of the delinquent contributions.

20. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder provided that in the event of a lawsuit, in addition to the contributions, interest and liquidated damages due to the Welfare Fund, the delinquent contributing employer shall pay to the Welfare Fund all reasonable attorneys' fees and costs incurred as a result of the litigation.

21. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, authorized the Welfare Fund to examine and copy such records of Safeway, Inc. as may be necessary to determine whether Safeway, Inc. has made full and prompt payment of all sums due to the Welfare Fund.

22. Safeway, Inc. has failed to make payment in a timely manner and failed to make full payment of contributions due the Welfare Fund for the months of June 2021 through April 2022, resulting in Safeway, Inc.'s owing delinquent contributions to the Welfare Fund, plus interest at 10% per annum on the late paid and unpaid contributions, and liquidated damages assessed at 20% of the unpaid contributions, or interest, whichever is greater.  Safeway, Inc. is therefore in breach of the Bargaining Agreements between the Welfare Fund and Safeway, Inc. in effect during the above period and thereby breached the terms of the Trust Agreement to which Safeway, Inc. is bound, and is therefore liable to the Welfare Fund for payment of delinquent contributions, liquidated damages, interest and reasonable attorney's fees and costs.

## FIRST CAUSE OF ACTION

**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Safeway, Inc.**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 22 above as though fully set forth herein.

24. Safeway, Inc., as a party to the Bargaining Agreements, agreed to be bound by the terms thereof and by the Terms of the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and Plan documents.

25. Safeway, Inc. violated ERISA § 515 (29 U.S.C. § 1145), by failing to timely make payment of contributions and to make payment in full of contributions due to the Welfare Fund in accordance with its obligation to do so under the terms of the Bargaining Agreements entered into between the Welfare Fund and Safeway, Inc. and the terms of the Trust Agreements.

///

///

26. Under ERISA § 502(g)(2)(A) through (E) (29 U.S.C. § 1132(g)(2) (A) through (E)), Safeway, Inc. is liable for payment of delinquent unpaid contributions, as well as for interest, liquidated damages, attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Safeway, Inc., in favor of the Plaintiffs, in an amount equal to at least:

   (a) Any unpaid contributions due the Welfare Fund, according to proof, for contributions owed on behalf of covered employees during the period June 1, 2021 through April 30, 2022, under ERISA § 502(g)(2)(A) (29 U.S.C. § 1132(g)(2)(A)), and the Bargaining Agreements;

   (b) Interest on any unpaid Welfare contributions found to be due during the period June 1, 2021 through April 30, 2022, at the rates set in accordance with the Bargaining Agreements, the governing documents of the Welfare Fund, and ERISA § 502(g)(2)(B) (29 U.S.C. § 1132(g)(2)(B));

   (c) Under ERISA § 502(g)(2)(C) (29 U.S.C. § 1132(g)(2)(C)), an award of liquidated damages in an amount equal to the greater of:

   (i) Interest on the unpaid contributions, or

   (ii) Liquidated damages at 20% of the unpaid contributions found due for the period June 1, 2021 through April 30, 2022, as provided for under the Bargaining Agreements and the governing documents of the Plans.

   (d) Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D) (29 U.S.C. § 1132(g)(2)(D)); reasonable attorneys' fees and costs in accordance with the Trust Agreements and in accordance with LMRA Section 301, 29 U.S.C. § 185, for all Plaintiffs;

2. That the Court retain jurisdiction of this case pending compliance with its orders; and

3. For such other and further relief as the Court may deem just and proper.

Dated: December 12, 2022       SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
　　Tino X. Do
　　Attorneys for Plaintiffs